1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

RONALD MEZA,

No.  2:20-cv-02316-DAD-KJN (HC)

12

Petitioner,

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS, DENYING
PETITIONER'S MOTIONS FOR AN
EVIDENTIARY HEARING, GRANTING
DEFENDANT'S MOTION TO DISMISS,
AND DISMISSING ACTION

13

v.

14

CHRISTIAN PFEIFFER,

15

Respondent.

(Doc. No. 1, 9, 19, 24, 34)

16
17

Petitioner Ronald Meza is a state prisoner proceeding *pro se* and *in forma pauperis* with a

18

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a

19

United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20

On October 22, 2021, the assigned magistrate judge issued findings and

21

recommendations, recommending that defendant's motion to dismiss the pending habeas petition

22

(Doc. No. 9) be granted because the applicable limitations period expired prior to the filing of the

23

petition and petitioner has failed to demonstrate that he was diligent in pursuing federal habeas

24

relief throughout the limitations period such that equitable tolling should apply in this case.  (Doc.

25

No. 24.)  The findings and recommendations were served on the parties and contained notice that

26

any objections thereto were to be filed within thirty (30) days after service thereof.

27

(*Id.* at 19–20.)  After receiving several extensions of time to do so, petitioner filed timely

28

/////

1

objections.[1]  (Doc. No. 35.)  Respondent did not file a reply to petitioner's objections.

In his objections, petitioner now claims that he suffered a mental health crisis on December 6, 2014, was admitted to a crisis bed, and was not released until December 10, 2016. (*Id.* at 8.)  According to petitioner, he "remains under CCCMS[2] care and schizophrenic remission," and claims that he gradually regained "cognizance [sic] on or about 7/00/19."  (*Id.* at 9.)  At that time petitioner asserts that he sought again the legal briefs submitted on his behalf in connection with his state court appeal many years earlier from attorney William M. Balin, the former partner of petitioner's state appellate attorney who had since retired, and with assistance of inmate Stan Solvery filed a habeas petition on or about October 18, 2020, not November 5, 2020.[3] Petitioner has provided a copy of a mental health treatment plan dated April 11, 2017, which noted that his schizoaffective disorder was in remission.  (*Id.* at 18.)  He has also provided a copy of a declaration signed by his aunt, Carole Nobis, in which she states that she did not receive petitioner's legal materials in 2013, and "lost communication" with petitioner when he "went under a mental crisis condition."  (*Id.* at 42.)

In addition, petitioner has provided a letter from Associate Warden Lopez at PVSP confirming that there is "no record of any trust account activity pertaining to any legal documents being mailed out while plaintiff was housed at PVSP, and following a search of R&R and the mailroom, no documentation concerning plaintiff's legal documents were discovered."  (*Id.* at 37.)  Petitioner appears to argue that this evidence demonstrates that his property was not mailed

---

[1]  Petitioner also concurrently filed a motion for extension of time to file his objections.  (Doc. No. 34.)  However, petitioner's objections were filed by the deadline set in the order granting his earlier filed motion for an extension of time (Doc. No. 32).  Therefore, petitioner's latest motion for extension of time is denied as moot.

[2]  The Mental Health Services Delivery System Program Guide for the California Department of Corrections and Rehabilitation provides four levels of mental health care services:  Correctional Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health Crisis Bed ("MHCB") and inpatient hospital care.  *Coleman v. Brown*, No. 2:90-cv-00520-LKK-DAD (PC), 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

[3]  Petitioner did not indicate where, if at all, he filed a habeas petition on or about October 18, 2020.  The instant petition was filed on November 5, 2020, the date petitioner's proof of service attached to that petition was signed.  (ECF No. 1 at 227.)

1    to his aunt as he had requested.

2         The Associate Warden's letter confirms that petitioner arrived at PVSP on May 29, 2012,

3    and was transferred to NKSP on November 18, 2013.  (*Id.* at 37.)  Petitioner now broadly claims

4    he was "without his records (certified documents)" from November 13, 2012 through August 5,

5    2020.  (*Id.* at 11.)  But he also claims that the writ authored by inmate Edwin Valencia on his

6    behalf was discovered among his personal property on November 7, 2013.  (*Id.* at 4.)  Thus, as

7    noted in the findings and recommendations, because petitioner was released from administrative

8    segregation on November 7, 2013, and was not transferred out of PVSP until November 18, 2013,

9    it is apparent that he had in his possession at least some of his legal materials in his possession

10   before his transfer from PVSP and could have filed his habeas petition during that time.  (Doc.

11   No. 24 at 14.)

12        Moreover, petitioner has presented no mental health records confirming his admission to a

13   crisis bed, or his release therefrom, and his objections to the pending findings and

14   recommendations are not verified, nor are they accompanied by a declaration from petitioner.

15   But even assuming petitioner was housed in a crisis bed on December 6, 2014, he has failed to

16   demonstrate how such mental health condition, if then present, prohibited him from diligently

17   pursuing his habeas claims after he was transferred to NKSP on November 18, 2013 and before

18   being admitted to the crisis bed, or after he was released from the crisis bed on December 10,

19   2016.  In addition, contrary to petitioner's claim that he didn't regain his mental health until July

20   of 2019, the medical record he has provided the court confirm that petitioner's schizoaffective

21   disorder was in remission as of April 11, 2017.[4]  (Doc. No. 35 at 18.)  Yet, petitioner has wholly

22   failed to address the time frame from April 11, 2017 to July of 2019, when he apparently sought

23   yet another set of the legal briefs filed on his behalf on appeal in state court from attorney Balin.

24   (*Id.* at 9.)  Thus, even if this court were to determine that equitable tolling of the statute of

25   limitations was appropriate for the period of time that petitioner alleges his legal property was

26   missing and unavailable to him, until he was released from a crisis bed on December 10, 2016,

27

28   ---

[4]  The court observes that the April 11, 2017 medical record noting that petitioner was then in
remission does even state the date petitioner was first diagnosed as being in remission.

petitioner still did not file the instant federal habeas action until November 5, 2020, almost four years later, long after the statute of limitations for doing so had expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes the pending findings and recommendations to be supported by the record and proper analysis.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; see also Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the court will decline to issue a certificate of appealability.

Accordingly,

1.     The findings and recommendation issued on October 22, 2021 (Doc. No. 24) are adopted in full;

2.     Petitioner's motion for an extension of time (Doc. No. 34) is denied as having been rendered moot by this order;

3.     Petitioner's motions for an evidentiary hearing (Doc. Nos. 1, 19) are denied;

/////

4

4.      Respondent's motion to dismiss the pending petition for habeas relief as time barred (Doc. No. 9) is granted;

5.      This action is dismissed with prejudice;

6.      The court declines to issue a certificate of appealability; and

7.      The Clerk of the Court is directed to close this case.


IT IS SO ORDERED.

Dated:   **September 16, 2022**

UNITED STATES DISTRICT JUDGE

5