UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MEZA,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>    Respondent. | No. 2:20-cv-02316-DAD-CSK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITIONER'S MOTION TO VACATE THE JUDGMENT, AND DIRECTING THAT THIS CASE REMAIN CLOSED<br><br>(Doc. Nos. 40, 51) |

    Petitioner Ronald Meza, a state prisoner proceeding *pro se* and *in forma pauperis*, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On August 13, 2024, the assigned magistrate judge issued findings and recommendations recommending that petitioner's motion (Doc. No. 40) to vacate the judgment entered in this federal habeas action on September 20, 2022, be denied. (Doc. No. 51.) Specifically, the magistrate judge fully analyzed the legal standards applicable to petitioner's motion to vacate the judgment previously entered in this case and concluded that: 1) there was no defect in the integrity of the earlier proceedings which concluded with the entry of the challenged judgment and that petitioner's motion to vacate, brought over 16 months after entry of that judgment, was not brought within a reasonable time; 2) even if his motion to vacate the judgment in this case was timely filed, petitioner did not establish that his mental health was so impaired that he was

1   entitled to equitable tolling of the applicable statute of limitations and a finding that his original
2   federal habeas petition was not time-barred; and 3) no evidentiary hearing was required because
3   the record before the court, including petitioner's medical health records covering the relevant
4   period of time and beyond, was fully and sufficiently developed as to the possible equitable
5   tolling of the applicable statute of limitations.  (*Id.* at 4, 12–29.)  The pending findings and
6   recommendations were served on the parties and contained notice that any objections thereto
7   were to be filed within fourteen (14) days after service.  (*Id.* at 29.)

8       Following the granting of extensions of time in which to do so (Doc. Nos. 55, 56),
9   petitioner filed his objections to the findings and recommendations which were received by the
10  court on December 13, 2024.  (Doc. No. 57.)  On January 29, 2025, petitioner filed an
11  "Addendum to Objections."  (Doc. No. 58.)  Respondent did not file a reply to either petitioner's
12  objections or his addendum thereto.

13      In his objections, petitioner[1] argues that the magistrate judge erred in assessing his degree
14  of mental illness and the impact his condition had upon his ability to file a timely federal habeas
15  petition.  (Doc. No. 57 at 8–13.)  In support of his arguments in this regard, petitioner has
16  submitted the declarations of his current cellmate and his aunt.  (Doc. Nos. 57 at 17–18; 58 at 7.)
17  Petitioner's current cellmate attests to petitioner's disruptive behavior over the past two years of
18  arguing with himself for hours as well as petitioner's inability to comprehend beyond on eighth
19  grade level.  (Doc. No. 57 at 17–18.)  Petitioner's aunt describes his upbringing, difficulties he
20  had understanding things and communicating while growing up, and expressing her belief in his
21  possible innocence of his crime of conviction.  (Doc. No. 58 at 7.)  Petitioner's objections,
22  however, do not provide a basis for the rejection of the very thorough and proper analysis of both
23  petitioner's mental health records and the question of whether the evidence supported a finding
24  that he was entitled to the equitable tolling of the statute of limitations with respect to his petition
25  /////
26  /////

---

[1] Petitioner's objections to the pending findings and recommendation state that they are presented "by and through his legal assistant."  (Doc. No. 57 at 6.)

for federal habeas relief originally filed in this action.[2] In the findings and recommendations, the magistrate judge found that the evidence before the court established that petitioner suffered symptoms of serious mental health conditions in 2013 but that his condition improved and regressed from that time through the time of the filing of his habeas petition with this court in November of 2020 and beyond. (Doc. No. 51 at 25–29.) Ultimately, after thoroughly considering all of petitioner's mental health records, the magistrate judge appropriately concluded that, even if the present motion to vacate the judgment was timely (which it was not), petitioner had failed to establish that his mental illness had made it impossible for him to file a federal habeas petition within the applicable limitations period. (*Id.* at 28–29.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including petitioner's objections and his addendum thereto, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations (Doc. No. 51) are adopted;

2. Petitioner's January 29, 2024 motion to vacate judgment (Doc. No. 40) entered in this federal habeas action on September 20, 2022, is denied; and

3. This case is to remain closed.

IT IS SO ORDERED.

Dated:   **February 20, 2025**                         /s/ Dale A. Drozd
                                                       DALE A. DROZD
                                                       UNITED STATES DISTRICT JUDGE

---

[2] In his objections, it appears that petitioner fails to address or object to the conclusion reached by the magistrate judge that his motion to vacate the judgment under Rule 60(b) of the Federal Rules of Civil Procedure was untimely filed. Nor does petitioner appear to object to the magistrate judge's conclusion that there was no defect in the integrity of the federal habeas proceedings in this case leading up to the entry of judgment on September 20, 2022.