UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MEZA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>Respondent. | No. 2:20-cv-02316-DAD-CSK (HC)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 63) |

Petitioner Ronald Meza, a state prisoner proceeding *pro se* and *in forma pauperis*, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 20, 2022, judgment was entered pursuant to this court's order granting respondent's motion to dismiss petitioner's habeas petition on the grounds that his petition was barred by the applicable statute of limitations.  (Doc. Nos. 38, 39.)  The court found that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong and declined to issue a certificate of appealability.  (Doc. No. 38 at 4–5.)

On January 29, 2024, petitioner filed a motion to vacate the judgment in this case.  (Doc. No. 40.)  After granting various extensions to the briefing schedule and objections period (Doc. Nos. 45, 47, 49, 55, 56), the court denied petitioner's motion on February 21, 2025, finding that petitioner's motion to vacate the judgment was untimely and that petitioner had failed to establish that his mental illness had made it impossible for him to file a federal habeas petition within the

1

applicable limitations period.  (Doc. No. 59 at 3.)  On March 17, 2025, petitioner timely filed a notice of appeal of this court's order denying his motion to vacate the judgment.  (Doc. No. 60.)

On April 24, 2025, the Ninth Circuit Court of Appeals remanded this case to the district court "for the limited purpose of granting or denying a certificate of appealability at the court's earliest convenience."  (Doc. No. 63 at 1) (citing 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997)).  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

Where, as here, the court has denied relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As noted, the court declined to issue a certificate of appealability when it dismissed petitioner's habeas petition on September 19, 2022, finding that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong.  (Doc. No. 38 at 4–5.)  After considering petitioner's motion to vacate the judgment and his subsequently filed objections, the court again finds that reasonable jurists would not find it debatable that this court was correct in its procedural ruling.  Accordingly, the court DECLINES to issue a certificate of appealability referenced in 28 U.S.C. § 2253.

IT IS SO ORDERED.

Dated:  **April 30, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE